JOSEF MAATUK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maatuk v. Commissioner
Docket No. 5350-80.
United States Tax Court
T.C. Memo 1982-487; 1982 Tax Ct. Memo LEXIS 259; 44 T.C.M. (CCH) 932; T.C.M. (RIA) 82487; August 24, 1982. *259 Held: Respondent's disallowance of petitioner's claimed business expense and casualty loss deductions sustained. Josef Maatuk, pro se. Mary Schewatz, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $144 in petitioner's Federal income tax for 1977. The issues for our decision are: (1) whether petitioner is entitled to a deduction for miscellaneous business expenses in the claimed amount of $1,280; and (2) whether he is entitled to a deduction for a casualty loss in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits *260 are incorporated herein by this reference. Petitioner Josef Maatuk was a resident of Santa Monica, California, at the time the petition was filed in this case. He timely filed his 1977 Federal income tax return. In 1976, Joseph Maatuk received a Ph.D. degree in engineering. In 1977, he began an engineering consulting business. On his 1977 income tax return petitioner claimed a miscellaneous business expense deduction for the following items and amounts: Search of job
[1] $ 510
Travel
280
Technical Books
410
Education
80
$1,280
Respondent disallowed this deduction in full on the basis that it had not been established that any amount was expended for ordinary and necessary business expenses. Petitioner also claimed a casualty loss deduction of $750 relating to the theft of a ring. Respondent disallowed $500 of the claimed loss on the basis that no greater amount had been substantiated as a deductible loss. OPINION The issues for our decision are whether petitioner has substantiated any *261 amount as an allowable miscellaneous business expense deduction or any amount greater than $250 as an allowable casualty loss deduction. No testimony or other evidence was presented at trial as to the claimed casualty loss and so we assume petitioner has conceded the issue. The sole evidence introduced by petitioner to substantiate his claimed business expense deduction was a copy of a receipt from Leisure Travel International purportedly for the purchase of an airline ticket and also a letter from Martin Marietta Corporation stating that petitioner visited the Denver Division of the corporation concerning possible employment on April 1, 1977. The only information on the document that is legible is that Leisure Travel International disbursed an amount to an unnamed carrier on "3/30." The name of the customer, the year, the place of origination and the destination are either not stated or are illegible. Mr. Maatuk admitted at trial that he had no other receipts or other documentary proof of payment for his claimed business expenses. Petitioner testified that he did not keep any records of his business expenses because he was inexperienced in business management, did not believe *262 in checking accounts prior to 1978 and was not aware that he was required to be able to substantiate deductions claimed on his income tax return. Petitioner made no attempt to provide the Court with any additional information as to when, where or why any of the claimed expenses were incurred or how they were related to his engineering consulting business. Rather, his testimony at trial and his brief were devoted to attempting to convince the Court of respondent's unreasonableness in refusing to accept his estimation of his business expenses. We were not persuaded. Deductions from income are a matter of legislative grace and a taxpayer must meet the specific statutory requirements for any deduction claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). In addition, the burden of proof is on the taxpayer in this proceeding to demonstrate his entitlement to the deductions disallowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 162(a) [2] provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the *263 taxable year in carrying on any trade or business * * *." Section 1.162-17(d)(2), Income Tax Regs., provides as follows: (2) The Code contemplates that taxpayers keep such records as will be sufficient to enable the Commissioner to correctly determine income tax liability. Accordingly, it is to the advantage of taxpayers who may be called upon to substantiate expense account information to maintain as adequate and detailed records of travel, transportation, entertainment, and similar business expenses as practical since the burden of proof is upon the taxpayer to show that such expenses were not only paid or incurred but also that they constitute ordinary and necessary business expenses. Petitioner is a highly educated person with a doctorate degree in engineering. We find his claimed ignorance of even minimal recordkeeping in his business dubious and, in any event, of no consequence in affecting the outcome of this proceeding. The law is clear that, in the absence of substantiation, respondent may disallow claimed deductions. *264 [3]
Decision will be entered for respondent.
Footnotes
1. Although the stipulation states that petitioner claimed $500 as a job search deduction, according to the 1977 return, the correct amount claimed was $510.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
3. Petitioner devotes much of his brief to protesting the fact that additional expenses were incurred by him in litigating this case. In addition, he comments that the Government's money was ill spent pursuing a mere $144 deficiency. We note that this controversy could have been easily avoided by petitioner if he had maintained the required records.↩